Michelle L. Roberts, State Bar No. 239092
 E-mail: mroberts@kantorlaw.net
Zoya Yarnykh, State Bar No. 258062
 E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, CA 94501
Telephone: (510) 992-6130
Facsimile: (510) 280-7564

Glenn R. Kantor, State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886 2525
Facsimile:  (818) 350 6272

Attorneys for Plaintiff
DEBRA HILT

# UNITED STATES DISTRICT COURT

# NORTHERN NDISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HILT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | Case No.: 3:20-cv-03373<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)　BREACH OF CONTRACT**<br><br>**(2)　BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Debra Hilt herein sets forth the allegations of her Complaint against Defendant Aetna Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1.　Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.      "Intradistrict Assignment" – Intradistrict assignment is proper in the San Francisco or Oakland Division of the Northern District of California because the events giving rise to this lawsuit occurred in San Francisco County.

3.      Plaintiff is informed and believes that Defendant Aetna Life Insurance Company (hereinafter "Aetna") is a corporation incorporated in, and with its principal place of business in, the State of Connecticut, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

4.      Plaintiff Debra Hilt is a resident and citizen of the County of San Francisco, State of California. At all relevant times, she was employed by the San Francisco Health Services System and was afforded Long Term Disability insurance coverage as a benefit of her employment.

5.      On or after January 1, 2017, Aetna issued or renewed a group policy of Long Term Disability Benefits to the San Francisco Health Services System in order to fund and insure its LTD Plan. Plaintiff was afforded disability coverage under the terms of the San Francisco Health Services System Disability Plan. The contract which is the subject of this action was administered in this Judicial District, and the breach occurred in this district, thus Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### AETNA
### FOR BREACH OF CONTRACT

6.      Plaintiff incorporates by reference all preceding paragraphs as though set fully forth herein.

7.      All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed.

8.      On or before January 2, 2019, Plaintiff suffered a loss compensable under the terms of the Policy in that she was unable to perform all of the material duties of her occupation as a Deputy Court Clerk II.

9.  Thereafter, in a timely fashion, the Plaintiff submitted a long term disability claim to Aetna. Aetna assigned her claim number 20367356. In a letter dated September 29, 2019, Aetna stated it had completed a review of Plaintiff's claim and determined she had not met its criteria for a determination that she had restrictions and limitations such that she could not perform the material and substantial duties of her own occupation. Aetna's denial was in contravention of the findings of her treating physicians.

10. As a direct and proximate result of Aetna's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

11. Aetna's conduct constitutes a breach of the insurance contract between Aetna and Plaintiff. As a direct and proximate result of Aetna's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## AETNA FOR BREACH OF THE
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

12. Plaintiff incorporates by reference all preceding paragraphs as though set fully forth herein.

13. On or about May 4, 2020, Plaintiff informed Aetna that Aetna did not have all the pertinent evidence when it issued a denial on appeal. Plaintiff further informed Aetna that she intended to provide this additional evidence. On or about May 5, 2020, Aetna refused to consider any further evidence.

14. Aetna has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when Aetna knew Plaintiff was entitled to said full benefits under the Policy;

(b)   Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy when advising Plaintiff that she was not entitled benefits and again, when it failed to respond to Plaintiff's submission of additional information;

(c)   Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d)   Unreasonably failing to properly and objectively investigate Plaintiff's claim and refusing to consider evidence Plaintiff was willing to provide;

(e)   Intentionally and unreasonably applying pertinent policy provisions inconsistent with California law, so as to limit Aetna's financial exposure and contractual obligations and to maximize its own profits; and

(f)   Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing her full policy benefits.

15.   Plaintiff is informed and believes and thereon alleges that Aetna has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

16.   As a proximate result of the aforementioned wrongful conduct of Aetna, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

17.   As a further proximate result of the aforementioned wrongful conduct of AETNA, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

18.   As a further proximate result of the aforementioned wrongful conduct of Aetna, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy.

Therefore, Aetna is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

19. Aetna's conduct described herein was intended by Aetna to cause injury to Plaintiff, was despicable conduct carried on by Aetna with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Aetna with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Aetna.

20. Aetna's conduct in wrongfully denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Aetna's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Aetna as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits in an amount to be determined at the time of trial, but in excess of $280,000.00, plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $2,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $4,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: May 18, 2020                         KANTOR & KANTOR, LLP

                                            By:  */s/ Michelle L. Roberts*
                                                 Michelle L. Roberts
                                                 Zoya Yarnykh
                                                 Attorneys for Plaintiff
                                                 DEBRA HILT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: May 18, 2020            KANTOR & KANTOR, LLP


By:   */s/ Michelle L. Roberts*
      Michelle L. Roberts
      Zoya Yarnykh
      Attorneys for Plaintiff
      DEBRA HILT